IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMTRAN TECHNOLOGY CO., LTD.,

                              Plaintiff,

    v.

FUNAI ELECTRIC CO., LTD.; FUNAI
CORPORATION, INC.; SONY
CORPORATION; SONY CORPORATION
OF AMERICA and SONY ELECTRONICS
INC.,

                              Defendants.

OPINION AND ORDER

08-cv-740-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for patent infringement, defendants Funai Electric Company, Ltd., Funai Corporation, Inc., Sony Corporation, Sony Corporation of America and Sony Electronics Inc. have moved to transfer venue under 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of California, which they allege is a more convenient forum. Dkt. #52. Plaintiff opposes the transfer and objects to several paragraphs of the declarations submitted in support of defendants' motion, arguing that they are vague, lack foundation, are not based on personal knowledge or contain inadmissible hearsay. Dkt. ##73, 77 and 78.

1

Although I find most of plaintiff's objections unfounded, I agree that some paragraphs are not based on the declarant's personal knowledge and will not consider them. After analyzing the factors under § 1404(a), I find that defendants have failed to show that transfer to California is clearly more convenient, particularly in light of the fact that plaintiff is a direct competitor that would likely face delay in resolving its patent infringement suit if the case were transferred. Therefore, defendants' motion to transfer venue will be denied.

From the complaint and the documents the parties submitted in conjunction with the pending motion, I find the following facts to be undisputed.

## FACTS

### A. Parties

Plaintiff AmTRAN Technology Company, Ltd. is a Taiwanese corporation with its principal place of business in Taiwan. Plaintiff does not manufacture or import any products into the United States and does not have any property or offices in California.

Defendant Funai Electric Company, Ltd. is a Japanese corporation with its principal offices in Osaka, Japan. It is a diversified manufacturer and marketer of mainstay information and communications equipment, including digital televisions. Defendant Funai Corporation, Inc. is a New Jersey Corporation with its primary offices in Torrance, California and Rutherford, New Jersey. It is a wholly-owned subsidiary of Funai Electric.

Defendant Sony Corporation is a Japanese company headquartered in Tokyo, Japan. Defendant Sony Corporation of America is a New York corporation with headquarters in New York, New York. I will refer to it as Sony America. It is a subsidiary of Sony Corporation. Defendant Sony Electronics Inc. is a Delaware corporation with headquarters in San Diego, California. It is a subsidiary of Sony Corporation of America and an indirect subsidiary of Sony Corporation. Sony Electronics sells and markets televisions for Sony Corporation.

## B. Background

In 2007, Sony began patent licensing negotiations with Vizio, Inc., plaintiff's main customer. Plaintiff participated in some of those negotiations and discussed some of its patents. All but one of the negotiation sessions occurred in Irvine, California. In October 2008, Vizio and Sony filed declaratory judgment actions against one another in separate lawsuits. On December 18, 2008, plaintiff filed suit against Funai in this court for infringement of United States Patents Nos. 5,635,995 ('995 patent) and 6,721,152 ('152 patent), which had been discussed in the parties' previous negotiations. Cpt., dkt. #1. Four days later, Sony filed suit against plaintiff in the Northern District of California, seeking declarations of noninfringement and invalidity on the '995 and '152 patents and United States Patent No. 5,799,037 ('037 patent). On December 24, 2008, plaintiff amended its complaint in this court to add claims against all the Sony defendants for infringement of the

'995 and '152 patents. Am. cpt., dkt. #4. (The parties dispute whether plaintiff ever accused the Sony defendants of infringing the '037 patent.)

### C. Patents-In-Suit and Alleged Infringing Products

Plaintiff alleges that defendants' televisions are the infringing products. Defendants sell their televisions throughout the United States, including Wisconsin. Plaintiff actively competes in Wisconsin with defendant Funai's Sylvania televisions and defendant Sony Corporation's Briavia televisions. The '995 patent was filed on June 7, 1995 and expires in about six years. Plaintiff has owned the '995 patent since September 17, 2008. The '152 patent was filed on May 30, 2002 and expires in about 13 years.

Although Funai Electric manufactures its digital televisions abroad, it designs and develops them in Japan, "with development and testing support from Funai Corporation in California." Funai Electric designs the products allegedly covered by the patents-in-suit in Japan and California. In California, Funai Corporation has a primary distribution and logistics center for its digital television products and a facility for performing technical operations, including product development and quality control. Funai Corporation has smaller sales and marketing offices in Santa Clara, California, New Jersey, Virginia, Minnesota and Kansas.

Sony Corporation's research and development operations, which include semiconductor design and software solutions, are based in California. California also is

home to Sony Corporation's engineering, marketing, sales, training and support functions for several of its businesses, including component solutions, broadcast and business solutions, online technologies, consumer sales, various corporate groups and research labs. Sony designs and develops its televisions in California and Japan. Sony America has no involvement in the design or manufacture of any Sony products that are alleged to be covered by the patents-in-suit.

Sony televisions use a variety of different chips, including those designed and manufactured by Trident Microsystems, Broadcom Corporation, Advanced Micro Devices, Inc. (known as AMD), ATI Technologies Inc., MediaTek Inc. and O2Micro International Limited. Some Funai television models include chips made by AMD; others include chips made in Japan by Renessas.

### C. Witnesses

Witnesses are located in Wisconsin, Pennsylvania, New Jersey, New York and Southern California. The two named inventors of the '995 patent are Steven Jaffe, a resident of Irvine, California and employee of Broadcom Corporation, and Christopher Strolle, a resident of Fort Washington, Pennsylvania. The sole named inventor of the '152 patent is Yung-Hung Ho, an employee of plaintiff who works in Taiwan. Dr. Barry Van Veen, one of plaintiff's expert witnesses, is a professor at the University of Wisconsin Madison, Wisconsin and lives in McFarland, Wisconsin.

Sony Electronics has thousands of employees based in California, particularly at the Sony Technology Center-San Diego, a center for product design, development and manufacturing of television products. Sony Electronics employees with knowledge of the overall design and operation of its televisions, or the specific features and specifications of the chips used in those televisions, are located in Tokyo, Japan and San Diego, California. Some of these employees may have relevant information related to the marketing, sale, design, development and manufacturing of Sony television products, including Peter Shintani, staff hardware engineer; Nate Kraft, senior marketing manager; and Hideaki Yamaguchi, United States television marketer. Sony Corporation's marketing and sales documents and the custodians of these documents are located in San Diego. Funai employees are located either in Japan or San Diego.

For the 12-month period ending September 30, 2008, the median time for civil cases to proceed to trial after filing was 12.3 months in the Western District of Wisconsin; in the Northern District of California, it was 30 months.

DISCUSSION

A.  Objections to Defendants' Declarations

Before turning to the substance of the motion to transfer, I will address plaintiff's objections to the declarations submitted by defendants in support of their motion to transfer venue. Plaintiff challenges paragraphs 10-16, 18-19 and 21-22 of Siegel's declaration and

paragraphs 5, 6 and 9 of Kanazawa's declaration on the ground that neither declarant has personal knowledge of the facts stated in those paragraphs.  If plaintiff's allegation is true, these declarations would violate the legal requirement that an affiant must testify about what he observed himself and not speculate about what he thinks happened.  Payne v. Pauley, 337 F.3d 767, 772 (7th Cir. 2003); Fed. R. Evid. 602 (witness must have personal knowledge of matter in order to testify to it).  "[A]lthough personal knowledge may include reasonable inferences, those inferences must be 'grounded in observation or other first-hand personal experience.'"  Payne, 337 F.3d at 772 (quoting Visser v. Packer Engineering Associates, Inc., 924 F.2d 655, 659 (7th Cir. 1991)).

Kanawaza is the Chief Financial Officer and Secretary of Funai Corporation.  Siegel is the senior intellectual property counsel for Sony Corporation of America and a representative of Sony Corporation and Sony Electronics in intellectual property matters. In the contested paragraphs, the declarants make statements about where their companies design, develop, market and perform quality control and after-market servicing of their products.  Plaintiff asserts that neither a financial officer nor an attorney would have personal knowledge of these activities.  Its argument is not persuasive.  Both declarants indicate that they have personal knowledge of the facts stated in their declarations. Kanawaza declares that in his position, he is responsible for "keeping and maintaining accurate accounts of Funai Corporation's properties and business transactions and preparing Funai Corporation's financial statements and reports."  Dkt. #54, at ¶¶ 1-2.  It is reasonable

to infer that as an intellectual property attorney, Siegel has at least a general knowledge of his employer's design activities. Plaintiff has not adduced any evidence to the contrary. Nothing in either declaration indicates that Siegel and Kanawaza are not knowledgeable about what activities their companies perform or where they perform them. Without more, I will not disregard paragraphs 10, 19 and 21 of Siegel's declaration and paragraphs 5, 6 and 9 of Kanawaza's declarations.

Plaintiff raises similar objections to paragraphs 18 and 22 of Siegel's declaration, in which Siegel discusses the subject of plaintiff's patents and the location and identity of certain Sony Electronics employees. Without more supporting detail from plaintiff to the contrary, it is reasonable to infer that Siegel would have personal knowledge of both of these issues in his position with Sony. I will consider those paragraphs.

In paragraphs 11-16 of his declaration, Siegel discusses the location of third-party integrated circuit vendors. He indicates that he either obtained this information from the vendors' websites or unidentified "reports." Because Siegel does not appear to have personal knowledge of this information and in some instances relied on inadmissible hearsay, I will disregard those paragraphs. I note that with their reply brief, defendants submitted a declaration from Sony's attorney, who attached copies of documents retrieved from the vendors' websites that show the locations of their headquarters. Dkt. #80. However, because Sony did not submit this information until it filed its reply brief, when plaintiff did not have an opportunity to respond, I will disregard it.

Finally, plaintiff objects to paragraphs 10, 19-21 of Siegel's declaration and paragraphs 5, 6 and 9 of Kanawaza's declaration on the ground that they are vague. Specifically, plaintiff argues that the declarants fail to define the meaning of terms such as design, chips, development and testing support and does not explain the relevance of these activities to the patents at issue. Although I agree that many of the declarants' statements lack specificity, plaintiff's objections go to the weight the court will give the declarations, not their reliability. Therefore, I will consider the statements but weigh them accordingly.

### B. Transfer Analysis

28 U.S.C. § 1404(a) allows a district court to transfer a case when the moving party has shown that transfer would serve the convenience of parties and witnesses and promote the interests of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). This requires an analysis of (1) the plaintiff's choice of forum; (2) the convenience to parties; (3) the convenience to witnesses; and (4) the interests of justice. Transfer is proper when venue is proper in the transferor district, the transferee district is one in which the action could have been brought and the transferee court is "clearly more convenient." Id.

The parties do not deny that venue is proper in this court. However, plaintiff asserts that this action could not have been brought in the Northern District of California because Funai Electric is not subject to personal jurisdiction in that district. I disagree. As

9

defendants contend, Funai Electric sells and distributes the televisions it manufactures nationwide through its subsidiary, Funai Corporation. Defendants also point out that Funai Electric has joined in the motion to transfer and plaintiff's claims against Funai Electric are compulsory counterclaims in Sony's earlier filed declaratory judgment action in the Northern District of California. Moore v. Olsen, 368 F.3d 757, 759 (7th Cir. 2004) (personal jurisdiction is waivable).

1. Choice of forum and location of parties

Although a plaintiff's choice of forum deserves deference, that is true only when a plaintiff is litigating in its home forum. Piper Aircraft Company v. Reyno, 454 U.S. 235, 255-56 (1981) (reasonable to assume that plaintiff chooses home forum for convenience). Plaintiff has no specific ties to either Wisconsin or California. California would be more convenient for defendants because some of their corporate headquarters and many of their employees are located there. Although defendants also note that documents regarding infringement are located in California, the location of documents and similar sources of proof has become almost a non-issue in this day and age. Milwaukee Electric Tool Corporation v. Black & Decker (N.A.) Inc., 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005) ("technological advancements have diminished traditional concerns related to ease of access to sources of proof. . .").

On balance, a transfer to the Northern District of California would be somewhat more convenient to the parties. However, given that patent infringement suits "involve a comparison of the alleged infringing device with the language of the patent claims," the location where infringing devices were researched, developed and designed is a neutral factor in determining the convenience of a forum. Adams v. Newell Rubbermaid Inc., No. 07-C-313-S, 2007 U.S. Dist. LEXIS 62512, at *5 (W.D. Wis. Aug. 21, 2007) (citations omitted). Therefore, it is unlikely that this factor will be dispositive.

2. Convenience to witnesses

To demonstrate this convenience, defendants are required to "clearly specify the key witnesses to be called" and submit "affidavits, depositions, stipulations, or any other type of document containing facts tending to establish who (specifically) it planned to call or the materiality of that testimony." Generac Corp. v. Omni Energy Systems, Inc., 19 F. Supp. 2d 917, 923 (E.D. Wis. 1998) (quoting Heller Financial, Inc. v. Midwhey Powder Company, Inc., 883 F.2d 1286, 1293-94 (7th Cir. 1989)). Defendants assert that many of their employees with relevant information are located in California. Typically the most important consideration in analyzing the convenience of witnesses factor is whether witnesses will appear only by deposition because they are outside the subpoena power of the court. Defendants do not have to subpoena their own employees. The assumption is that "witnesses within the control of the party calling them, such as employees, will appear

11

voluntarily." Adams, 2007 WL 5613420, at *3 (citation omitted).  Further, it is not clear how many employee witnesses will have material testimony to offer in this case.  Assuming that some employees will have relevant testimony, that consideration relates to the convenience-of-the-parties analysis.

The only named third-party witnesses who are not either employed or otherwise within the control of the parties are Steven Jaffe, a resident of Irvine, California and employee of Broadcom Corporation, and Christopher Strolle, a resident of Fort Washington, Pennsylvania.  Although transfer of venue to California would be more convenient for Jaffe, that forum is no more or less convenient to Strolle.  Plaintiff intends to call Dr. Barry Van Veen, who is located in the Western District of Wisconsin, but because he is an expert witness, he can be paid to appear anywhere.

Defendants also allege that the third-party chip vendors will have information relevant to the patents at issue.  However, they fail to identify specific employees or show how their testimony is material to this case.  In patent lawsuits, where experts and lawyers end up playing the starring roles, the vague mention of "witnesses" and "records" in a given district is not persuasive.

In sum, defendants can not establish the "clear convenience" of transfer simply by identifying the inconvenience to one named witness and other unnamed witnesses with unspecified knowledge of the patents.  Accordingly, the convenience-to-witnesses factor favors neither side in the transfer analysis.

3.  <u>Interest of justice</u>

The interest of justice includes such concerns as ensuring speedy trials and trying related litigation together.  <u>Heller</u>, 883 F.2d at 1293 (citing <u>Coffey</u>, 796 F.2d at 221).  These interests may be determinative in a particular case, even if the convenience of the parties and witnesses would suggest a different result.  <u>Coffey</u>, 796 F.2d at 221.  I find that this factor weighs in favor of keeping the case in this district.

Sony filed a declaratory action in the Northern District of California against plaintiff soon after plaintiff filed this case.  Consolidation of the two cases seems likely, even though an additional patent is at issue in the California case and Funai has not yet been added as a party.  District Court Judge Jeremy Fogel has stayed the declaratory action pending this court's decision on defendants' motion.  Dkt. #92, Exh. #1.

Plaintiff argues that the interests of justice favor not transferring this case because this court will reach a faster result than the court in the Northern District of California.  As plaintiff points out, this case is likely to be resolved more quickly in this court.  Moreover, even though the patents are older, the parties are direct competitors and plaintiff stands to lose substantially more from a delay in its case.  <u>Milwaukee Electric Tool Corporation</u>, 392 F. Supp. 2d at 1065 (patent holder's rights are time sensitive and any delay may decrease value of patent).

Docket speed alone is not sufficient to defeat a motion to transfer when other factors establish that another forum is clearly more convenient.  <u>Leggett & Platt, Inc. v. Lozier, Inc.</u>,

13

No. 04-C-0932-C, 2005 WL 1168360, at *2 (W.D. Wis. May, 17, 2005).  However, I am not persuaded that transfer to the United States District Court for California would be "clearly more convenient."  Although it would be somewhat more convenient for defendants to litigate in California, they are multinational corporations with offices and employees in Japan and various states.  Travel to Wisconsin will not pose a greater hardship than travel to California.  Further, defendants could obtain witness testimony through depositions because "'in patent actions, depositions are customary and are satisfactory as a substitute for technical issues.'"  Adams, 2007 WL 5613420, at *3 (quoting Medi USA, L.P. v. Jobst Institute, Inc., 791 F. Supp. 208, 211 (N.D. Ill. 1992)).  In any event, California is not clearly more convenient for the named third-party witnesses, making the convenience factors a tie at best.  Therefore, the interest-of-justice factor becomes dispositive.

The infringement case was first filed in this court, albeit only against the Funai defendants; it is likely that the case will be resolved more quickly in this court.  I find that the interests of justice weigh in favor of not transferring this case.  Accordingly, defendants' motion to transfer this suit to the Northern District of California will be denied.

ORDER

IT IS ORDERED that the motion of defendants Funai Electric Company, Ltd., Funai Corporation, Inc., Sony Corporation, Sony Corporation of America and Sony Electronics

Inc. to transfer venue to the United States District Court for the Northern District of California, dkt. #52, is DENIED.

Entered this 27th day of April, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge