IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMTRAN TECHNOLOGY CO., LTD.,

                                                       OPINION AND ORDER

                 Plaintiff,

  v.                                                  08-cv-740-bbc

FUNAI ELECTRIC CO., LTD.; FUNAI
CORPORATION, INC.; SONY
CORPORATION; SONY CORPORATION
OF AMERICA and SONY ELECTRONICS
INC.,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Before the court in this civil action for patent infringement is the motion filed by defendants Funai Electric Company, Ltd., Funai Corporation, Inc., Sony Corporation, Sony Corporation of America and Sony Electronics Inc. for reconsideration of the court's April 27, 2009 denial of their motion to transfer venue to the Northern District of California. Dkt. #102. In support of their motion, defendants cite the recent decision in <u>In re Genentech, Inc. and Biogen Idec, Inc.</u>, 566 F.3d 1338 (Fed. Cir. 2009) and new evidence related to alleged key witnesses and the trial date of the California case. On July 10, 2009, defendants moved to supplement their motion for reconsideration with new evidence regarding the

1

materiality of certain witnesses located in California.  Dkt. #124.  Plaintiff AmTRAN Technology Company, Ltd. opposes transfer and the motion to supplement.  Dkt. #131.

After reviewing Genentech and reconsidering the factors under 28 U.S.C. § 1404(a) in light of all of the evidence submitted by the parties, I am persuaded that defendants have shown that trial in California is clearly more convenient and that the case should be transferred.  Although defendants were not as diligent as they should have been in bringing their initial motion, I agree that the convenience of the parties and witnesses and the interest of justice require transfer of venue to the Northern District of California.  Accordingly, I will grant defendants' motion to supplement the record and motion for reconsideration.

For the purpose of ruling on the pending motions, I incorporate the facts found in the April 27 order and find the following additional facts from the declarations and other documents submitted by the parties in conjunction with the pending motions.

## FACTS

### A.  Plaintiff's Connection to California

On April 1, 2009, after the initial motion to transfer venue came under advisement, defendants Sony Corporation, Sony Corporation of America and Sony Electronics Inc. filed a notice alerting the court to an admission by plaintiff AmTRAN Technology Company, Ltd. in the related case of Sony Corporation and Sony Electronics Inc. v. AmTRAN Technology

2

Co., Ltd., No. 5:08-cv-JF-HRL (N.D. Cal.), that it "sells hundreds of millions (if not billions) of dollars of digital televisions and displays in the United States through an extensive California-based distribution network." Dkt. #88, Exh. 2 at 6.

B. Third-Party Witnesses

On April 6, 2009, plaintiff served its initial disclosures, identifying the following third-party integrated circuit vendors as having potentially discoverable information: Microsemi Corporation; Broadcom Corporation; Advanced Micro Devices, Inc. (AMD); ATI Technologies Inc.; Renesas Technology America, Inc. (RTA); Trident Microsystems, Inc.; 02Micro USA; Darfon America Corporation; Fujitsu Microelectronics America, Inc.; and Micronas USA.

Broadcom and Microsemi have headquarters in Irvine, California. Microsemi employees and documents related to the CCFL inverter controller product line are located in California. Broadcom has at least four offices in cities in the Northern District of California, including Santa Clara, San Jose and Sunnyvale. Broadcom acquired AMD's digital television business in October 2008. AMD's corporate headquarters are located in Sunnyvale, California. AMD acquired ATI in 2006. Although ATI was headquartered in Canada, it had one office in Santa Clara, California. Trident is headquartered in Santa Clara, California and all of its United States corporate records and documents are located

there. Mediatek Inc. is headquartered in Taiwan, but its subsidiary, Mediatek USA, which is responsible for chip development for digital televisions, is located in San Jose, California. 02 Micro USA, a subsidiary of 02 Micro International Limited, is based in Santa Clara, California. RTA is headquartered in San Jose, where the majority of its employees work. On June 18, 2009, plaintiff served notices of subpoenas for deposition and documents on Trident, RTA, Broadcom, AMD, Microsemi and O2 Micro International.

In its supplemental initial disclosures filed on July 1, 2009, plaintiff identified Martine Penilla & Genecarella, LLP of Sunnyvale, California, as having information relevant to the prosecution of the '152 patent and stated that the above-identified third-party vendors likely would have information related to the structure and operation of the accused patents. On June 8, 2009, plaintiff produced documents showing that Peter Martine prosecuted the '152 patent. The '152 patent identifies Martine & Penilla, LLP as the patent attorneys.

### C. Related California Lawsuit

In <u>Sony Corporation v. AmTRAN Technology Company, Ltd.</u>, Case No. 5:08-cv-05706-JF (N.D. Cal.), the Sony defendants have brought a declaratory judgment action involving three patents owned by plaintiff, including the '995 and '152 patents at issue in this case. On March 27, 2009, plaintiff proposed that trial proceed in the California

case on May 24, 2010, the scheduled trial date in this action. Plaintiff proposed a California trial date of February 18, 2011. On May 11, 2009, United States District Court Judge Fogel entered an order allowing limited jurisdictional discovery but otherwise continuing the stay of proceedings in that case in light of Sony's appeal of the denial of the motion to transfer in this action.

DISCUSSION

In support of their motion for reconsideration, defendants rely heavily on Genentech, in which the Court of Appeals for the Federal Circuit discussed the application to patent cases of the factors set forth in 28 U.S.C. § 1404(a). Section 1404(a) allows a district court to transfer a case when the moving party has shown that transfer would serve the convenience of parties and witnesses and promote the interests of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). This requires an analysis of (1) the plaintiff's choice of forum; (2) the convenience to parties; (3) the convenience to witnesses; and (4) the interests of justice. Transfer is proper when venue is proper in the transferor district, the transferee district is one in which the action could have been brought and the transferee court is "clearly more convenient." Id.

In Genentech, 566 F.3d at 1342, "despite the presence of a substantial number of witnesses in the transferee venue and no witness in Texas," the United States District Court

5

for the Eastern District of Texas found that the cost of attendance for witnesses and the availability of compulsory process "only slightly favored transfer" to California. In support of its ruling, the district court noted that the "petitioners had not identified 'key witnesses' within the transferee venue," the Eastern District of Texas was a central location for witnesses located in Europe, Iowa and the East Coast and although some physical documents were housed in the transferee venue, other documents were housed outside the venue and could be transported to Texas. Id.

Applying Fifth Circuit law, the Court of Appeals for the Federal Circuit granted defendants' petition for a writ of mandamus, holding that the district court had improperly applied the Fifth Circuit's 100-mile rule, glossed over the compulsory process factor, improperly substituted its own central proximity for a measure of the convenience of witnesses and parties factors, minimized the inconvenience of requiring petitioners to transfer their documents, relied too heavily on the speed with which the case could proceed to trial in the transferring district and unnecessarily considered whether the transferee court would have personal jurisdiction over the plaintiff and the defendant's litigation history in the transferor district. Id. at 1343-47. According to the Federal Circuit, "'[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer' and, therefore, 'the place where the defendant's documents are kept weighs in favor of transfer.'" Id. at 1345 (quoting Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F.

6

Supp. 2d 325, 330 (E.D. N.Y. 2006)). The court also noted that "case-disposition statistics may not always tell the whole story" when it comes to the speed with which a case can come to trial. Id. at 1347 ("when, as here, several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors").

Defendants are correct that Genentech is similar to the instant case in some respects. In Genentech, the parties had no ties to Texas, a separate declaratory action had been filed in California and documents and witnesses related to the development and marketing of the alleged infringing products were located in California. Id. at 1341. However, unlike the defendants in this case, in Genentech, the defendants had properly identified at least ten material witnesses in the Northern District of California and four additional witnesses located elsewhere in California. Id. Further, the Fifth Circuit transfer-of-venue law applied in Genentech is more extensive and differs somewhat from the factors enumerated by the Seventh Circuit. E.g., In re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008) (private and public interest factors include relative ease of access to proof; availability of compulsory process; cost of attendance for willing witnesses; practical problems with ease, expeditiousness and expense of trial; court congestion; local interest in case; forum's familiarity with law governing case; and avoiding conflict of law problems).

In support of their original motion in this case, defendants generally alleged that they had many employees in California "who are likely to provide material testimony" and identified several companies that make chips used in defendants' televisions that "will likely be called upon to provide documents and testimony." Dkt. #53 at 15-16. They failed to identify specific individuals or explain how their testimony is material to this case. Heller Financial, Inc. v. Midwhey Powder Company, Inc., 883 F.2d 1286, 1293-94 (7th Cir. 1989 (party moving for transfer is "obligated to clearly specify the key witnesses to be called," "make at least a generalized statement of what their testimony would have included" and submit "affidavits, depositions, stipulations, or any other type of document containing facts" in support). I explained that in patent cases in the Seventh Circuit, the vague mention of "witnesses" and "records" located in a given district is not persuasive. Generac Corp. v. Omni Energy Systems, Inc., 19 F. Supp. 2d 917, 923 (E.D. Wis. 1998) (quoting Heller, 883 F.2d at 1293-94)). Because defendants identified an inconvenience to only one named witness, I determined that the convenience-to-witnesses factor did not favor either side.

Although defendants also stated that some documents regarding infringement are located in California, I found that on balance, transfer to the Northern District of California would be only somewhat more convenient to the parties because the location of documents and similar sources of proof has become almost a non-issue in this day and age. Milwaukee Electric Tool Corporation v. Black & Decker (N.A.) Inc., 392 F. Supp. 2d 1062, 1064

8

(W.D. Wis. 2005) ("technological advancements have diminished traditional concerns related to ease of access to sources of proof. . ."). Finally, I found that this case was likely to be resolved more quickly in this court. Although I recognized that docket speed alone is not sufficient to defeat a motion to transfer when other factors establish that another forum is clearly more convenient, I was not persuaded that transfer to the United States District Court for California would be "clearly more convenient."

In an attempt to remedy the deficiencies with its earlier motion, defendants present the following evidence in conjunction with their motion for reconsideration: 1) plaintiff ships hundreds of millions of dollars worth of televisions from Taiwan to its California subsidiaries for distribution and sale; 2) many of the previously identified third-party chip makers are headquartered in the Northern District of California; 3) additional third-party chip makers are located in California; and 4) plaintiff proposed that the California case go to trial on the same date as the instant case is scheduled for trial. In a later filed motion to supplement, defendants submit evidence that the prosecuting attorney for the '152 patent works in Sunnyvale, California, plaintiff has served document and deposition subpoenas on the California chip makers and the majority of Trident's, RTA's and Microsemi's relevant documents and witnesses are located in California. Plaintiff objects to both motions on the ground that all of this evidence was available to defendants at the time they filed their original motion.

Although I agree with plaintiff that defendants could have been diligent about producing evidence in support of their original motion to transfer, after reviewing all of the evidence submitted by the parties, I am satisfied that the best course is to transfer this case to the Northern District of California. Although plaintiff is not located in either Wisconsin or California, it conducts a significant amount of business in California. As defendants mentioned in their original motion and have now shown, plaintiff imports a significant amount of its products into California through its California-based affiliates and subsidiaries. California is more convenient for defendants because some of their corporate headquarters and many of their employees and documents are located there. Although it is not dispositive, the convenience-to-the parties factor weighs in favor of transfer.

More important is the evidence that defendants have produced with respect to third-party witnesses. The most convenient forum for the majority of chip makers identified by the parties (either through affidavits or during discovery) is California. This is important because these witnesses will be within the compulsory subpoena power of the District Court for the Northern District of California. Although defendants failed to explain in their initial motion the nature of the chip makers' testimony, they did point out that "the patents-in-suit are directed to demodulation and overvoltage techniques that are performed by" third-party chips used in defendants' televisions. Dkt. #53. Coupled with plaintiff's admission that the chip makers are likely to have witnesses and documents that are material and relevant to this

10

action, this is enough to satisfy me that the Northern District of California is more convenient to numerous third-party witnesses with material and relevant information.

As discussed in the previous order with respect to the interest of justice, consolidation of this lawsuit and the pending declaratory action in the Northern District of California seems likely, even though an additional patent is at issue in the California case and Funai has not yet been added as a party. Judge Fogel has continued the stay of the declaratory action pending this court's decision on defendants' motion for reconsideration. Plaintiff renews its argument that the interest of justice favors not transferring this case because this court will reach a faster result than the court in the Northern District of California. I agreed with plaintiff in the previous order, noting that the median time for civil cases to proceed to trial after filing was 12.3 months in this district and 30 months in California. Although this case will go to trial within 17 months of filing, it is unclear whether the California case will be on a slower timetable because a trial date has not yet been set in that action. In any event, as I noted in the previous order and in other patent cases, docket speed alone is not sufficient to defeat a motion to transfer when other factors establish that another forum is clearly more convenient. Leggett & Platt, Inc. v. Lozier, Inc., No. 04-C-0932-C, 2005 WL 1168360, at *2 (W.D. Wis. May, 17, 2005); see also Genentech, 566 F.3d at 1347 (docket speed is speculative factor and "case-disposition statistics may not always tell the whole story"). Therefore, although plaintiff's infringement claims still may proceed to trial faster

11

in this court than in California, in light of the additional evidence before the court, it is no longer clear that this should be an overriding factor.

In sum, because the convenience to the parties and witnesses weighs in favor of transfer and the interests of justice do not weigh heavily in favor of keeping the case in Wisconsin, I will grant defendants' motion for reconsideration and transfer this action to the Northern District of California.

ORDER

IT IS ORDERED that the motions of defendants Funai Electric Company, Ltd., Funai Corporation, Inc., Sony Corporation, Sony Corporation of America and Sony Electronics Inc. to supplement the record, dkt. #124, and for reconsideration of this court's April 27, 2009 order denying transfer of venue, dkt. #102, are GRANTED.  The clerk of court is

directed to transmit the file to the United States District Court for the Northern District of California.

Entered this 29th day of July, 2009.

                                       BY THE COURT:

                                       /s/

                                       _____
                                       BARBARA B. CRABB
                                       District Judge